UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NARESH RAJA, d/b/a AMERICA'S
BEST VALUE INN,

       Plaintiffs,

v.                                        No. 2:17-cv-834

OHIO SECURITY INSURANCE
COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, and
JEFFERY ROBINSON,

       Defendants.

## NOTICE OF REMOVAL

Defendants Ohio Security Insurance Company (Ohio Security) and Liberty Mutual Insurance Company (collectively, "Liberty Mutual") hereby file this Notice of Removal of the above-captioned matter to the United States District Court of New Mexico from the Third Judicial District Court, County of Dona Ana, State of New Mexico, as provided by 28 U.S.C. §§ 1441, 1446. Liberty Mutual states as follows:

1.     This cause of action was commenced in the Third Judicial District Court of the State of New Mexico on May 22, 2017 by Plaintiff. The Summonses to Liberty Mutual and the Complaint were served on the Corporation Service Company (CSC) on July 18, 2017. *See* Notice of Service of Process on Ohio Security and Liberty Mutual Insurance Company, **Exhibit 1** hereto. This Notice of Removal is timely.

2.     This is a civil action, of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This cause of action may be removed to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of seventy-

five thousand dollars ($75,000), exclusive of interest or costs, and Plaintiff and Defendants are citizens of different states. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

3. Plaintiff is a New Mexico resident. Ohio Security is a foreign corporation incorporated under the laws of the State of New Hampshire, with its principal place of business located in Boston, Massachusetts. Liberty Mutual Insurance Company is a foreign corporation incorporated under the laws of Massachusetts, with its principal place of business located in Boston, Massachusetts. Ohio Security Insurance Company and Liberty Mutual Insurance Company are authorized to do business in New Mexico. Jeffrey Robinson is a resident of Arizona, has been a resident of Arizona at all relevant times, and has never resided in New Mexico. *See* Declaration of Jeffrey Robinson, attached hereto as **Exhibit 2.** Plaintiff and the Defendants are diverse.

4. As of the date of this removal, Plaintiff has served only Ohio Security and Liberty Mutual Insurance Company. If Jeffrey Robinson is served, he would consent to removal. *See* Declaration of Jeffrey Robinson, **Exhibit 2** hereto.

5. In its Complaint, Plaintiff alleges that it owns a commercial property that sustained hail and wind damage on or about October 23, 2015.

6. Plaintiff alleges that it had a policy of insurance with Ohio Security that was in effect at the time of the Incident ("Policy"). Liberty Mutual has been investigating and adjusting the claim under a reservation of rights, subject to the terms, provisions, and requirements of the Policy, which are at issue herein. Liberty Mutual has been unable to complete its good faith evaluation of the claim due to Plaintiff's repeated refusal to give an examination under oath ("EUO") and provide requested documentation.

7. The parties dispute the scope of loss and the value of the covered damages, among other things, and Plaintiff alleges common law bad faith, breach of contract, violations of the Unfair Trade Practices Act, violations of the Unfair Claims Practices Act, and negligent misrepresentation arising out of the adjustment of the claim. Plaintiff alleges entitlement to compensatory, punitive, and treble damages, and to attorney fees.

8. Plaintiff alleges it is entitled to an appraisal of the damages despite its refusal to give an EUO pursuant to the provisions of the Policy. Plaintiff's repeated failure to comply with the Policy's conditions precedent renders both an appraisal and a lawsuit premature.

9. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional amount. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547 (2014) (a statement "short and plain" need not contain evidentiary submissions; evidence establishing the amount is only required if the plaintiff contests, or the court questions, the defendant's allegation that the amount in controversy exceeds the jurisdictional amount).

10. The amount in controversy requirement is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). In this case, on or about October 2016, Liberty Mutual assessed the covered damages at $203,783.76. On November 4, 2016, Plaintiff's attorney made a demand of $1,799,526.84, including $514,936.24 for attorney fees and expenses. *See* November 4, 2016 letter from Tom Furlow to Liberty Mutual, **Exhibit 3** hereto.

11. In determining whether the amount in controversy exceeds $75,000.00, a court may aggregate actual damages, punitive damages, attorney fees, and statutorily imposed penalties. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir.

2003); *Wiatt v. State Farm Ins. Companies,* 560 F.Supp.2d 1068, 1075 (D. N.M. 2007). In this case, Plaintiff seeks nearly two million dollars in alleged damages. Based upon the facts alleged in the Complaint and the November 4, 2016 demand, the jurisdictional threshold of $75,000.00 is easily exceeded. *See* 28 U.S.C. § 1332.

12. A copy of all process and pleadings served upon it in this cause of action and the documents filed in the State Court proceeding are attached hereto as **Exhibit 4**.

13. The Civil Cover Sheet is attached hereto as **Exhibit 5**.

14. Liberty Mutual will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

WHEREFORE, Liberty Mutual respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated: August 15, 2017.

        Respectfully submitted,

        RAY, McCHRISTIAN & JEANS, P.C.

        By */s/ Shannon A. Parden*
            Shannon A. Parden
            6000 Uptown Blvd NE, Suite 307
            Albuquerque, New Mexico 87110
            Tel:  (505) 855-6000
            Fax:  (505) 212-0140
            sparden@rmjfirm.com
            *Attorneys for Ohio Security Ins. Co.*
            *and Liberty Mutual Ins. Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was emailed and served through CM/ECF this 15th day of August, 2017, to the following counsel of record:

Thomas M. Furlow  
FURLOW LAW FIRM, PLLC  
1032 Central Parkway South  
San Antonio, TX  78232  
tfurlow@furlowlawfirm.com  
Attorneys for Plaintiff

Milad K. Farah  
GUERRA & FARAH, PLLC  
1231 E. Missouri Ave.  
El Paso, TX 79902  
mkf@gflawoffices.com  
Co-counsel for Plaintiff

                                             */s/ Shannon A. Parden*  
                                             Shannon A. Parden