3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
5/22/2017 5:28:50 PM
CLAUDE BOWMAN
Susana Tyfair

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

NARESH RAJA, D/B/A AMERICA'S )
BEST VALUE INN   , )
)
     Plaintiffs, )
) CV. 2017 <u>D-307-CV-2017-01459</u>
v. ) JUDGE  <u>Beyer, Marci</u>
)
OHIO SECURITY INSURANCE )
COMPANY, LIBERTY MUTUAL )
INSURANCE COMPANY, AND )
JEFFERY ROBINSON )
)
     Defendants. )

## COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiff NARESH RAJA D/B/A AMERICA'S BEST VALUE INN, by and through his undersigned counsel, for his causes of action against Defendants OHIO SECURITY INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY AND JEFFERY ROBINSON, allege that:

### Parties, Service and Venue

1.    Plaintiff Naresh Raja is an individual and a resident of Doña Ana County, New Mexico.

2.    Defendant Ohio Security Insurance Company ("Ohio") is a New Hampshire corporation and service of process can be accomplished by serving its registered agent Corporation Service Company at the following registered address: 211 East 7th Street, Suite 620, Austin, Texas 78701. Ohio is a "person" as defined by the New Mexico Insurance Code. *See* N.M. Stat. Ann. §

1


EXHIBIT
4

59A-1-10 (1978).  Liberty Mutual is a "person" as defined by the New Mexico Unfair Trade Practices Act.  *See* N.M. Stat. Ann. § 57-12-2 (1978).

3.      Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts corporation and service of process can be accomplished by serving its registered agent Corporation Service Company at the following registered address:  211 East 7th Street, Suite 620, Austin, Texas 78701.  Liberty Mutual is a "person" as defined by the New Mexico Insurance Code.  *See* N.M. Stat. Ann. § 59A-1-10 (1978).  Liberty Mutual is a "person" as defined by the New Mexico Unfair Trade Practices Act.  *See* N.M. Stat. Ann. § 57-12-2 (1978).

4.      Defendant Jeffery Robinson ("Robinson") is an individual residing in and domiciled in the State of New Mexico.  This Defendant may be served with personal process by certified mail, return receipt requested at his principal residence **2201 Desert Aire, Chaparral, NM 88081** or wherever he may be found. Robinson is a "person" as defined by the New Mexico Insurance Code.  *See* N.M. Stat. Ann. § 59A-1-10 (1978).  Liberty Mutual is a "person" as defined by the New Mexico Unfair Trade Practices Act.  *See* N.M. Stat. Ann. § 57-12-2 (1978).

5.      Venue is proper in the Third Judicial District Court because the actions giving rise to this Complaint occurred in Doña Ana County, New Mexico.

<u>Facts</u>

6.      Plaintiff owns a commercial property located at 901 Avenida De Mesilla ("Property").  The Plaintiff purchased a Policy of Insurance from Ohio Insurance Company *hereafter* Liberty Mutual, Policy No. BKS 56789046 ("Policy").  The Policy was, at all times material hereto, in full force and effect.  The Policy covered losses, among other things, for damage caused to the Property due to wind and hail.

7.      On or about October 23, 2015, Plaintiff contends that the commercial property's roof sustained wind and hail damage due to a significant hail & windstorm that occurred on that

date.  Liberty Mutual was timely notified and a claim was commenced under claim number 23146296.

8.      On or about November 23, 2015, a representative of Liberty Mutual inspected the commercial property and made a determination that there was storm damage from the October 23, 2015, storm.  Liberty Mutual determined the "amount of loss" to be $130,301.56.  Jeffrey Robinson was the adjuster assigned to this claim.  Robinson conducted an investigation that was substandard, ignored clearly covered damage and arbitrarily denied damage caused by the subject storm. Robinson refused to pay the claim properly despite being given reports showing his investigation was complete.  Robinson or others at his direction improperly requested and EUO and authorized his counsel to request documents solely for the purpose of harassing the insured in an attempt o have him accept the inadequate payments made on the claim.  Robinson minimized the loss in order to avoid payment of the full measure of damages.  Robinson denied coverage on damage that did not exist at the time the policy was written yet claimed such damage was pre existing and maintenance related.

9.      Plaintiff does not agree with the "amount of loss" as determined by Liberty Mutual. Plaintiff has documented the numerous areas of damage and cost of repair in reports which have been provided to Defendants.

10.     Plaintiffs provided documentation to Defendants regarding the true scope of repairs and amount of loss and have requested a settlement conference with Defendants for months. Defendants have responded by requesting an Examination Under Oath (EUO) of the owner, Mr. Naresh.  As coverage has been accepted there is no reasonable basis for the EUO requested.  The list of documents requested in the EUO includes a request for 14 categories of documents ranging from proof that Plaintiff owns the property to his credit card statements.  The EUO request letter

is attached to this Petition as "Exhibit A".  This list is made for the sole purpose of harassing

Plaintiff, prolonging the claims process and attempting to dissuade him from continuing with his

claim.  Coverage was accepted for the loss, with the exception of portions of the roof, the parking

lot and interior damages.  There is simply no need to force plaintiff to accumulate documents that

are irrelevant and serve no legitimate purpose.

   11. The Policy contains an appraisal clause should a disagreement arise as to the

"amount of loss."  The appraisal clause states as follows.

**"2. Appraisal**
If we and you disagree on the value of the
property or the amount of loss, either
may make written demand for an appraisal
of the loss. In this event, each party
will select a competent and impartial
appraiser. The two appraisers will select
an umpire. If they cannot agree, either
may request that selection be made by a
judge of a court having jurisdiction. The
appraisers will state separately the value
of the property and amount of loss. If
they fail to agree, they will submit their
differences to the umpire. A decision
agreed to by any two will be binding.
Each party will:
**a.** Pay its chosen appraiser; and
**b.** Bear the other expenses of the appraisal
and umpire equally.
If there is an appraisal, we will still retain
our right to deny the claim."

   12. Plaintiff requested that the amount of loss be determined pursuant to the appraisal

provision found in the Policy.  The appraisal process will address Defendants' issues regarding pre

existing damage and cause of loss, thus obviating the need for extensive pre litigation document

production and testimony.  Even if the EUO were to proceed the cause and extent of damage would

still remain in dispute and be a subject for expert testimony. The appraisal process will likely dispense with most if not all of these issues and put the claim on track for resolution.

13.     The Plaintiff demanded appraisal per the policy and appointed Carl Johnson as his appraiser. Defendants have refused to comply with the appraisal process based n the fact that and EUO was requested. The policy does not allow the insurance company to avoid appraisal based on an EUO request. The appraisal provision of the Policy provides that if the appraisers cannot agree on the amount of loss, then the appraisers will submit their differences to an umpire. Because Liberty Mutual has refused to participate in appraisal, no umpire has been selected to date.

14. The policy contains a Statute of Limitations clause that is tied to the date of loss. Such limitations provisions have largely been considered void as against public policy as they have the potential to deprive insureds of their rights based on a delay in claims handling. For example if a carrier takes more than two years to adjust a claim and breaches the contract after the two year period, such a breach would be barred by the language in the limitations period. Thus, many courts have refused to uphold insurance policy modifications of  State Statute of Limitations laws unless they are tied the to date on which the "cause of action accrues" The limitations clause in the subject policy should be held void as against public policy.  See *Spicewood Summit Office Condominiums Ass'n, Inc. v. America First Lloyd's Ins. Co.*, 287 S.W.3d 461, 465 (Tex. App.–Austin 2009, pet. denied). Plaintiff asserts that Liberty Mutual and its counsel are simply attempting to drag the claim out to the two year anniversary of the date of loss and avoid responsibility based on a limitations bar. This conduct is in direct violation of the New Mexico consumer protection statutes and constitutes Fraud. The limitations provision provides as follows.

**D. LEGALACTION AGAINST US**
No one may bring a legal action against us
under this Coverage Part unless:
**1.** There has been full compliance with all of
the terms of this Coverage Part; and
**2.** The action is brought within 2 years after
the date on which the direct physical loss
or damage occurred.

### Count 1 – Breach of Contract

15.    Plaintiff incorporate all allegations made elsewhere in this Complaint.

16.    Plaintiffs fully performed their obligations under the Policy.

17.    Liberty Mutual breached its contractual obligation to Plaintiff by: A.) misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;   B.)    failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;   C.)    failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;   D.)    failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;   E.)    not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;   F.)    failing to settle all catastrophic claims within a ninety-day period after the assignment of a catastrophic claim number when a catastrophic loss has been declared;   G.)    compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;   H.)    attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;   I.)    attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured, his representative, agent or broker;   J.)    failing, after payment of a

claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;   K.)   making known to insureds or claimants a practice of insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;   L.)   delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;   M.)   failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage;   N.)   failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; or   O.)   violating a provision of the Domestic Abuse Insurance Protection Act [59A-16B-1 to 59A-16B-10 NMSA 1978].

18.     As a result of the breach of contract by Liberty Mutual, Plaintiffs sustained financial harm and lost the benefits expected to be received from the contract if Liberty Mutual had performed as agreed.

### Count 2 – Insurance Bad Faith

19.     Plaintiffs incorporate all allegations made elsewhere in this Complaint.

20.     Liberty Mutual and Jeffrey Robinson breached their duty to Plaintiff by:  A.) misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;   B.)   failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;   C.)   failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;   D.)   failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;   E.)   not attempting in good faith to effectuate prompt, fair and equitable settlements

of an insured's claims in which liability has become reasonably clear;    F.)    failing to settle all catastrophic claims within a ninety-day period after the assignment of a catastrophic claim number when a catastrophic loss has been declared;    G.)    compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;    H.)    attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;    I.)    attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured, his representative, agent or broker;    J.)    failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;    K.)    making known to insureds or claimants a practice of insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;    L.)    delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;    M.)    failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage;    N.)    failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; or    O.)    violating a provision of the Domestic Abuse Insurance Protection Act [59A-16B-1 to 59A-16B-10 NMSA 1978].    Liberty Mutual did not act reasonably under the circumstances. Liberty Mutual acted in bad faith given the aforementioned conduct.

### Count 3 – Violations of the Unfair Insurance Practices Act

21.    Plaintiffs incorporate all allegations made elsewhere in this Complaint.

22.     The actions of Liberty Mutual and Robinson as described above constitute unfair insurance trade practices prohibited by the New Mexico Unfair Insurance Practices Act codified at N.M. Stat. Ann § 59A-16-1 (1978), *et seq.*

23.     Liberty Mutual and Robinson violated Section 59A-16-4 of the Unfair Insurance Practices Act by:  knowingly misrepresenting to Plaintiffs the benefits, advantages, conditions or terms of the Policy; knowingly using any name or title of any policy or class of policies misrepresenting the true nature of the Policy to Plaintiffs and by knowingly failing to disclosure material facts to Plaintiffs reasonably necessary to prevent other statements made from being misleading.

24.     Liberty Mutual and Robinson violated Section 59A-16-20 of the Unfair Insurance Practices Act by knowingly committing the following acts:  (i) misrepresenting to Plaintiffs pertinent facts or policy provisions relating to coverages at issue; (ii) failing to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiffs' claims arising under the Liberty Mutual insurance policy; and, (iii) not attempting in good faith to effectuate prompt, fair and equitable settlements of Plaintiffs' claims in which liability has become reasonably clear.

**Count 4 – Violations of the Unfair Trade Practices Act**

25.     Plaintiffs incorporate all allegations made elsewhere in this Complaint.

26.     The above described conduct of Liberty Mutual and Robinson constitutes unlawful, unfair, deceptive, and unconscionable trade practices, as defined in and in violation of the New Mexico Unfair Trade Practices Act codified at N.M. Stat. Ann § 57-12-1(1978), *et seq.*, including the following particulars:

            a.          Knowingly making false, misleading oral and written statements, visual descriptions and other representations in connection with the sale of Liberty Mutual's goods and

services, namely insurance policies, which may, tends to and did deceive and mislead any person, including Plaintiff, and includes:

    1.   causing confusion or misunderstanding as to the source, sponsorship, approval, and certification of Liberty Mutual' goods and services;

    2.   representing that Liberty Mutual's goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have;

    3.   using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact when doing so deceives or tends to deceive;

    4.   stating that a transaction involves rights, remedies or obligations that it does not involve; and

    5.   failing to deliver the quality or quantity of goods or services contracted for by the parties.

27.    Liberty Mutual and Robinson engaged in unconscionable trade practices as defined by the New Mexico Unfair Trade Practices Act. Liberty Mutual and Robinson's actions and practices in connection with the sale of their goods and services as descried above to the detriment of Plaintiff took advantage of his lack of knowledge, ability, experience or capacity to a grossly unfair degree that resulted in a gross disparity between the value received by Plaintiff and the price paid by Liberty Mutual's goods and services.

### Count 5 – Negligent Misrepresentation

28.    Plaintiff incorporate all allegations made elsewhere in this Complaint.

29.    In the alternative and without waiving the foregoing, the above described conduct of Liberty Mutual and Robinson constitutes negligent misrepresentation.  Liberty Mutual and Robinson made false representations of fact or representations of fact that, while literally true, were misleading, Liberty Mutual and Robinson did not exercise ordinary care in obtaining or

communicating the information conveyed, Liberty Mutual and Robinson should reasonably have foreseen Plaintiff would be harmed if the information conveyed was incorrect or misleading, and that Plaintiff justifiably relied on the information to each of his detriment.

### Count 6 – Declaratory Relief

30.     Plaintiff incorporates all allegations made elsewhere in this Complaint.

31.     Plaintiff and Liberty Mutual and Robinson may have a claim or interest that would be affected by Plaintiff's claim for declaratory relief.

### Damages

32.     Plaintiff incurred actual, economic and noneconomic, general, direct, special and consequential damages, including but not limited to loss of the benefit of the bargain, or Plaintiff's expectation interest in the contract, consequential losses, costs of delay in performance, costs of mitigation, costs of substitute performance, reliance, or out of pocket damages, restitution damages, and other damages.

33.     Pursuant to N.M. Stat. Ann § 57-12-10 (1978), in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state, Plaintiff seeks to recover the following damages from Liberty Mutual and Robinson because their conduct was the producing cause of such damages:  actual damages; three times actual damages because Liberty Mutual and Robinson willfully engaged in the unfair and deceptive trade practices described above; and attorney's fees and costs of suit.  Plaintiffs incurred past and future mental anguish.

### Punitive Damages

34.     Plaintiff is entitled to punitive damages because of Liberty Mutual and Robinson's intentional and willful fraudulent misrepresentations and their conduct as described above was malicious, willful, reckless, and wanton.

**Attorney's Fees**

35.    Plaintiff seeks and is entitled to attorney's fees pursuant to equity, common law, and statute including N.M. Stat. Ann § 39-2-1 (1978) and N.M. Stat. Ann § 57-12-10 (1978).

**Conditions Precedent**

36.    All conditions precedent have been performed or have occurred.

**Jury Demand**

37.    Trial by jury is demanded.

**Prayer**

38.    Plaintiff require that Liberty Mutual and Robinson be cited to appear and answer, and that on final trial, Plaintiff has judgment against Liberty Mutual and Robinson as follows:

    a.   The court order that an EUO is not appropriate in this matter and that this claim proceed through the appraisal process in the policy.

    b.   general damages in a sum within the jurisdictional limits of the court;

    c.   special and consequential damages;

    d.   prejudgment interest as provided by law;

    e.   attorney's fees;

    f.   postjudgment interest as provided by law;

    g.   costs of suit;

    h.   such other and further relief at law and equity to which Plaintiffs may be justly entitled at law and equity.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:(210) 910.4501
Telecopier:(210) 910.4513

By:/s/ *Thomas M. Furlow*
      THOMAS M. FURLOW
      State Bar No. 00784093
      Email: tfurlow@furlowlawfirm.com
      ATTONEY FOR PLAINTIFF

               &amp;

      GUERRA &amp; FARAH, PLLC
      1231  E. Missouri Ave.,
      El Paso, Texas  79902
      Telephone: 915-533-0880
      Facsimile: 915-533-1155

By:   /s/ *Milad K. Farah*
      MILAD K. FARAH
      State Bar No. 140793
      CO-COUNSEL FOR PLAINTIFF

3RD JUDICIAL DISTRICT COURT
Case 2:17-cv-00834-JB-CG   Document 1-4   Filed 08/15/17   Page 14 of 32ONA ANA COUNTY NM
FILED IN MY OFFICE
5/24/2017 1:33:03 PM
CLAUDE BOWMAN
Claudine Berna

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

NARESH RAJA, D/B/A AMERICA`S BEST
VALUE INN,
                         Plaintiffs,
V.      Case No.

                              Judge Be   CV-2017-1459

OHIO SECURITY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE
COMPANY, AND JEFFERY ROBINSON
                    Defendants,

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.      Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.      Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.      Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D.   If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the *p*arty making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E.   Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.   When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.   If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H.   Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

(1)   stipulate to a discovery plan and file the stipulation with the court, or

(2)   request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

(3)   In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:
Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.   The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the

pleadings, identifying the subjects of the information;

b.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.    A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.    For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.    If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.    Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.    Intent to Call Expert Witness - Disclosure.    No later than sixty (60) calendar days after filing their respective pleading or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which

an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify. With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

DISTRICT COURT JUDGE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Delivered to Plaintiff on 5/5/2017

Claude Bowman
Clerk of the District Court

Claudine T. Bernal, Court Clerk II

LR3-Form 2.12

Supreme Court Approved
August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

Plaintiff

vs.

NO.: D-307-CV
Judge:

Defendant

JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as

follows:

1   The court has subject matter and personal jurisdiction, and venue is proper.

2   This case is appropriate for assignment to Track A

3   The parties do not intend to amend the pleadings or file dispositive motions

4   All parties will be ready for trial *by* _____ *(no more than six (6) months from*

   *filing of complaint)*

5   Witness lists will be exchanged and filed forty-five (45) days before trial

6   Discovery limited to interrogatories, requests for production and admission and no more

   than two (2) depositions per party.

7   All parties and counsel will either (a) select a facilitator by agreement of the parties, or

   (b) request the court's ADR coordinator to select a facilitator and will engage in a

   settlement conference within ninety (90) days from the date of the filing of the complaint.

   The parties may move for enlargement of time for the settlement conference for good

   cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

This (jury _____ 6 _____ 12 nonjury _____ ) matter will take _____ hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial)

for two (2) months following the date the matter is ready for trial:

_____

_____

10. Other: _____

SUBMITTED BY:

Name of party:          _____
Attorney:               _____
Address:                _____
                        _____
Telephone Number        _____


Name of party:          _____
Attorney:               _____
Address:                _____
                        _____
Telephone Number        _____

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each
party or each party's attorney on the _____ day of_____ , 20_____

_____
Signature

LR3-Form 2.13. ( _____ 's) (joint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

, Plaintiff

vs.

NO.: D-307-CV

Judge:

, Defendant

( _____'S) (JOINT) SCHEDULING ORDER

1. This case should be assigned to Track _____.
2. Jurisdiction and Venue: _____Stipulated; _____Disputed;
      Why:_____
3. _____Non Jury; _____6-person jury; _____12-person jury.
4. Significant legal issues, if any: _____
_____
5. Trial witnesses presently known (defendant's, plaintiff's, etc.): _____
State expert type: _____
6. Settlement:
   _____ [I] [We] have sufficient information to evaluate the case.
   _____ [I] [We] have provided sufficient information for opposing parties to evaluate
the case.
   _____ [I][We] need the following information from_____to evaluate the
case: _____

   _____ [I] [We] need the following discovery to obtain information sufficient to
evaluate the case:
   _____ Explain why such information
cannot be obtained informally without formal discovery: _____
   _____
   _____ [I] [We] have scheduled a settlement conference on _____, 20_____
with_____ *(facilitator)* or have requested the court's ADR
coordinator to refer to facilitation.
                              Or
   _____ [I] [We] request that this not be referred to facilitation because:
_____
The possibility of settlement is _____ good, _____ fair, _____poor.

7. Discovery:

    [I] [We] estimate it will take _____ months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted.)* If any party requests a discovery conference, answer the following:

    The party submitting this scheduling report intends to do the following discovery:

_____

*(If this is a joint scheduling report, each party shall answer this question.)*

[Plaintiff] [Defendant] intends to do the following discovery:

_____

_____

8. [I] [We] estimate that trial will take     court days to try-

9. Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).* _____

10. Stipulations: _____

11. Other:

_____

SUBMITTED BY:

Name of party: _____

Attorney: _____

Address: _____

    _____

Telephone Number _____

Name of party: _____

Attorney: _____

Address: _____

    _____

Telephone Number _____

CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the _____ day of _____ , 20 _____

_____

Signature

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
6/13/2017 5:30:33 PM
CLAUDE BOWMAN
Joseph Martinez

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

NARESH RAJA, D/B/A AMERICA'S
BEST VALUE INN,

      Plaintiff,

vs.                                                          No. CV-2017-01459

OHIO SECURITY INSURANCE
COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, AND
JEFFREY ROBINSON

      Defendants.

### JURY DEMAND

      COMES NOW, Plaintiff, by and through his attorney of record, Milad K. Farah,

The Law Offices of Guerra & Farah, PLLC, and submits this, his demand for trial by jury

consisting of six (6) jurors, and respectfully places the requisite deposit with the court.

                    **Respectfully submitted,**

                    **By:/s/ Thomas M. Furlow**
                    **Thomas M. Furlow**
                    **State Bar No. 00784093**
                    **E: tfurlow@furlowfirm.com**
                    **ATTORNEY FOR PLAINTIFF**

                          **&**

                    **MILAD K. FARAH**
                    **GUERRA & FARAH, PLLC**
                    **N.M. State Bar No.140793**
                    **1231 E. Missouri**
                    **El Paso, Texas 79902**
                    **T:  (915) 533-0880**
                    **F: (915) 533-1155**
                    **E: mkf@gflawoffices.com**

**CO-COUNSEL FOR PLAINTIFF**

4834-2803-0282, v.  1

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
6/19/2017 12:21:58 PM
CLAUDE BOWMAN
Natasha Rousseau

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT


NARESH RAJA d/b/a AMERICA'S
BEST VALUE INN,

    Plaintiffs,                           Cause No. CV-2017-01459
                                      Judge Marci Beyer

v.

OHIO SECURITY INSURANCE
COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, AND
JEFFREY ROBINSON

    Defendants.


EXHIBIT A TO PLAINTIFF'S COMPLAINT

# EXHIBIT A

THOMAS M. FURLOW
ATTORNEY AT LAW

## FURLOW LAW FIRM, PLLC

1032 Central Parkway South
SAN ANTONIO, TEXAS 78232
TELEPHONE: (210) 910-4501
FAX: (210) 910-4576
tfurlow@furlowlawfirm.com

May 21, 2017

Naresh Raja *dba* America's Best Value Inn
901 Avenida De Mesilla
Las Cruces, NM 88005

RE:   **Insured:**            **Naresh Raja *dba* America's Best Value Inn**
     **Loss Location:**     **901 Avenida De Mesilla, Las Cruces, NM 88005**
     **Date of Loss:**       **10/21/2015**
     **Policy Number:**    **BKS 5678-9046**
     **Policy Effective Dates: 07-07-2015 to 07-07-2016**
     **Claim Number:**     **23146296**
     **Our File No.:**        **2016.0204**

Dear Mr. Naresh Raja:

As you are aware in a letter from attorney David Rosales, Liberty Mutual is requesting an examination under oath (EUO) as provided for in their policy with you. An EUO is similar to a deposition in which the insured provides sworn testimony before a court reporter and produces documents related to the property and the claim.

Insurers typically use an EUO to determine their coverage liability as it relates to a claim. EUOs are often used to determine any fraud or dishonesty in the claim request as well as maintenance issues with the property and pre existing damage. For the past few months we have attempted to get Liberty to withdraw their request for an EUO and the documents requested therein. We have not been successful and Liberty is insisting on an EUO. The policy states as follows.

We may examine any insured under
oath, while not in the presence of
any other insured and at such times
as may be reasonably required,
about any matter relating to this insurance
or the claim, including an insured's
books and records. In the
event of an examination, an insured's

answers must be signed.

Per our discussion, we have demanded that the claim be sent through the "appraisal" process set out in the policy. The appraisal clause states as follows.

**"2. Appraisal**
If we and you disagree on the value of the
property or the amount of loss, either
may make written demand for an appraisal
of the loss. In this event, each party
will select a competent and impartial
appraiser. The two appraisers will select
an umpire. If they cannot agree, either
may request that selection be made by a
judge of a court having jurisdiction. The
appraisers will state separately the value
of the property and amount of loss. If
they fail to agree, they will submit their
differences to the umpire. A decision
agreed to by any two will be binding.
Each party will:
**a.** Pay its chosen appraiser; and
**b.** Bear the other expenses of the appraisal
and umpire equally.
If there is an appraisal, we will still retain
our right to deny the claim."

Liberty has refused to engage in the appraisal process without first having you submit to an EUO. We are thus going to file suit in New Mexico district court to seek the judge to prevent the EUO and send the claim through appraisal.

It is highly likley we will have to submit to and EUO despite the appraisal request. We will thus need your staff to begin gathering the documents requested in the EUO to the extent you have them.

I would like to meet with you at the property in the near future and to go through any documents you have. If there is a representative of your company with knowledge of the maintenance history of the property I would like to meet with them as well. If we are able to satisfy the EUO requirement of the policy we can send this matter through appraisal and seek a final resolution of the claim. I look forward to working with you to get this matter to conclusion. I attach the EUO request letter for your records.

Sincerely,

THOMAS M. FURLOW

TMF/mpf

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT


NARESH RAJA, D/B/A AMERICA'S
BEST VALUE INN,


   Plaintiffs, `        Cause No. CV-2017-01459


v.

OHIO SECURITY INSURANCE
COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, AND
JEFFREY ROBINSON

   Defendants.

## SUMMONS

To: Ohio Security Insurance Company
Corporation Service Company
211 East 7th St., Suite 620
Austin, TX 78701

   You are required to serve upon Thomas M. Furlow, an attorney for Naresh Raja,
dba America's Best Value Inn an answer or motion in response to the complaint which is
attached to this summons within thirty (30) days after service of this summons upon you,
exclusive of the day of service, and file your answer or motion with the court as provided
in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you
for the relief demanded on the complaint.


Attorney for Plaintiff

Thomas M. Furlow
FURLOW LAW FIRM, PLLC
State Bar No. 00784093
1032 Central Parkway South
San Antonio, Texas 78232

T:  (210) 910-4501
F:  (210) 910-4576
E:  **tfurlow@furlowfirm.com**

WITNESS the Honorable ____Beyer, Marci____ District Judge of the Third Judicial District Court of the States of New Mexico, and the seal of the District Court of Dona Ana County this 21st  day of June, 2017.



                                    CLAUDE BOWMAN
                                    Clerk of the Court

                              By _____
                                    Deputy

4828-5537-6970, v. 1

2

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**NARESH RAJA, D/B/A AMERICA'S**
**BEST VALUE INN,**

        **Plaintiffs,**                    **Cause No. CV-2017-01459**

**v.**

**OHIO SECURITY INSURANCE**
**COMPANY, LIBERTY MUTUAL**
**INSURANCE COMPANY, AND**
**JEFFREY ROBINSON**

        **Defendants.**

## SUMMONS

**To: Liberty Mutual Insurance Company**
**Corporation Service Company**
**211 East 7th St., Suite 620**
**Austin, TX 78701**

       You are required to serve upon Thomas M. Furlow, an attorney for Naresh Raja, dba America's Best Value Inn an answer or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded on the complaint.

Attorney for Plaintiff

Thomas M. Furlow
FURLOW LAW FIRM, PLLC
State Bar No. 00784093
1032 Central Parkway South
San Antonio, Texas 78232

T:  (210) 910-4501
F:  (210) 910-4576
E: **tfurlow@furlowfirm.com**

WITNESS the Honorable Beyer, Marci _____ District Judge of the Third Judicial District
Court of the States of New Mexico, and the seal of the District Court of Dona Ana
County this **21st** day of June, 2017.

**CLAUDE BOWMAN**
Clerk of the Court

By _____
                     Deputy

4830-4149-9210, v.  1